UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAHEED DIVINE ALLAH,

    Petitioner,

v.                                                  CASE NO. 6:08-cv-1902-Orl-28KRS
                                                          (6:07-cr-125-Orl-28KRS)
UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Shaheed Divine Allah. The Government filed a response (Doc. No. 8) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply and a supplemental reply to the Government's response (Doc. Nos. 14 & 15).

Petitioner alleges four claims for relief: (1) counsel rendered ineffective assistance by misadvising him about the plea agreement; (2) the prosecutor engaged in misconduct and breached the plea agreement; (3) there was no actual monetary loss that resulted from Petitioner's offense; and (4) the Court lacked jurisdiction over the offense alleged in claim four of the indictment. For the following reasons, Petitioner's § 2255 motion is denied in part and an evidentiary hearing is ordered.

I.    *Procedural History*

Petitioner was charged by indictment with three counts of uttering and possessing

a counterfeited security and one count of possessing counterfeited securities in violation of 18 U.S.C. § 513(a) (Criminal Case No. 6:07-cr-125-Orl-28KRS, Doc. No. 16).[1] On September 24, 2007, pursuant to a written plea agreement (Criminal Case Doc. No. 29), Petitioner entered a plea of guilty to count one of the indictment before Magistrate Judge Karla R. Spaulding. Magistrate Judge Spaulding filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty of count one (Criminal Case Doc. No. 33). This Court accepted the plea and adjudicated Petitioner guilty (Criminal Case Doc. No. 37). A sentencing hearing was conducted, and on December 19, 2007, the Court entered a Judgment in a Criminal Case, sentencing Petitioner to a 70-month term of imprisonment to be followed by three years of supervised release (Criminal Case Doc. No. 40). Counts two through four of the indictment were dismissed pursuant to the plea agreement. Petitioner did not appeal his conviction or sentence.

## II. Legal Standard

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy

---

[1] Criminal Case No. 6:07-cr-125-Orl-28KRS will be referred to as "Criminal Case."

the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. Analysis

### A. Claim One

Petitioner asserts that counsel rendered ineffective assistance by misadvising him about the terms of the plea agreement. Specifically, Petitioner contends that counsel incorrectly informed him that the total amount of the counterfeited securities, $1,053,775.00, would not be assessed against him in relation to his sentence. He further asserts that counsel failed to accurately calculate his sentencing guidelines range prior to Petitioner accepting the plea agreement.

Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 29). Pursuant to the agreement, Petitioner agreed:

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [Petitioner] is released from his [sic] waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

*Id.* at 6-7 (emphasis in original). During his change of plea hearing, Petitioner acknowledged that he understood that by pleading guilty he was waiving his right to collaterally attack his conviction or sentence pursuant to § 2255. (Criminal Case Doc. No. 45 at 11-12.)

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court

4

of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Id.* at 1342. The Eleventh Circuit, however, has indicated that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel. *Patel v. United States*, 252 Fed. Appx. 970, 974-75 (11th Cir. 2007). Therefore, Petitioner's knowing and voluntary waiver in the plea agreement generally bars him from pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself.

In the instant case, this Court concludes that the plea agreement and waiver were knowingly and voluntarily entered. As set forth above, the Court addressed the appeal waiver provision during the change of plea hearing. (Criminal Case Doc. No. 45 at 11-12.) Moreover, the record reveals that Petitioner understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing.").

Furthermore, the record demonstrates that Petitioner's plea of guilty was knowingly

and voluntarily entered. The three primary requirements imposed by Federal Rule of Criminal Procedure 11 before the Court may accept a plea of guilty are: "'(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" *United States v. Garcia*, 2009 WL 975539, *1 (11th Cir. 2009) (quoting *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996)). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id.* at 1012 (quotation omitted) (citations omitted).

The Court in this case conducted a thorough and comprehensive plea colloquy. Petitioner stated under oath that he was not threatened or coerced to plead guilty. (Criminal Case Doc. No. 45 at 7.) Petitioner acknowledged that he had reviewed the charging document with his attorney and that he was satisfied with his attorney's services. *Id.* at 8. Petitioner also affirmed that he had read the plea agreement, had discussed it with his attorney, and understood the plea agreement. *Id.* Petitioner was advised that he was subject to a maximum sentence of ten years and that all of the related offenses would be investigated in relation to his sentencing guideline range. *Id.* at 13. Petitioner acknowledged that he understood that regardless of what recommendations the Government made as to his sentence or what his attorney's predictions were as to his sentence, those recommendations and predictions were not binding on the Court, and he

6

would not be permitted to withdraw his guilty plea even if his sentence was different from what his attorney predicted. *Id.* at 13-14. Petitioner affirmed that he understood this. *Id.* at 14. Finally, the Court asked Petitioner if he was freely and voluntarily entering his plea to which Petitioner responded affirmatively. *Id.* at 19. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

To the extent Petitioner is challenging the validity of the plea in claim one, his claim is without merit. Petitioner's assertion that his plea was involuntary based on counsel's alleged advise regarding his potential sentence is refuted by the record. As noted above, the Court advised Petitioner that he was subject to a maximum sentence of ten years of imprisonment, that counsel's predictions as to his sentence were not binding, that the Court would consider numerous factors in determining his sentence, and that Petitioner would not be allowed to withdraw his guilty plea even if his sentence was different from what his attorney predicted. The Court concludes, therefore, that Petitioner has not demonstrated that counsel's conduct resulted in his plea being involuntary. Accordingly, claim one is barred from consideration by the appeal waiver provision and is otherwise without merit.

### B.  Claim Two

Petitioner asserts that the prosecutor engaged in misconduct and breached the plea agreement. In *United States v. Al-Arian*, 514 F.3d 1184, 1191(11th Cir. 2008), the Court held

that a claim that the Government breached the plea agreement is properly raised in a § 2255 motion. Thus, the Court may consider this claim.

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty." *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."). Moreover, "'[w]hether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea.'" *Id.* (quoting *United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992)).

Petitioner argues that the prosecutor failed to advise the Court at sentencing that Petitioner voluntarily disclosed the location of $986,475.00 of counterfeited securities and improperly argued for a sixteen level enhancement although the plea agreement stated that the Government agreed not to charge him with relevant conduct. The plea agreement in the instant case provided in relevant part:

4. **Counts Dismissed**

   At the time of sentencing, the remaining counts against the defendant, Counts Two through Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. No Further Charges

   If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the

8

conduct giving rise to this agreement.

\* \* \*

7. <u>Acceptance of Responsibility - Three Levels</u>

   At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). . . .

   Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b), the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for downward adjustment of one level. . . .

8. <u>Low End</u>

   At the time of sentencing. . . the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. . . .

(Criminal Case Doc. No. 2-4.) Finally, in the facts section of the plea agreement, it states, "In sum, the total amount of counterfeited securities the defendant uttered and possessed on May 8, 2007, knowing that the securities were counterfeited, was $1,053,775." *Id.* at 9. At the change of plea hearing, the Court advised Petitioner if he pled guilty, "the court's probation office will conduct an investigation, they'll gather facts about your role, not only in the offense charged in count one, but all the related offenses, which is called relevant conduct. . . , and they'll prepare a written report." (Criminal Case Doc. No. 45 at 13.)

Pursuant to the plea agreement, at the sentencing hearing, the Government requested a three level downward adjustment for acceptance of responsibility premised

9

on Petitioner's voluntary disclosure of the $986,475 in counterfeited securities. (Criminal Case Doc. No. 46 at 29-35.) After the adjustment, the guideline range was 70 to 87 months imprisonment, and the Court sentenced Petitioner to seventy months. *Id.* at 36, 49. Moreover, counts two through four were dismissed pursuant to the plea agreement. *Id.* at 52. Thus, the Court concludes that Petitioner has not established that the Government breached the plea agreement, and this claim is denied. *Cf. Taylor*, 77 F.3d at 369-70 (concluding that the Government's statement in response to the pre-sentence investigation report that the application of an enhancement factor that would increase the sentence the Government had agreed to recommend resulted in a breach of the plea agreement).

### C. *Claims Three and Four*

Petitioner maintains that (1) there was no actual monetary loss that resulted from his offense (claim three), and (2) the Court lacked jurisdiction over the offense alleged in claim four of the indictment (claim four). The Government contends that these claims are procedurally barred from review by this Court as they should have been raised on direct appeal.

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). However, a defendant can avoid the procedural bar by demonstrating the applicability of one of the two

exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

"Ineffective assistance of counsel may constitute cause to excuse procedural default." *DiPietro v. United States*, 251 Fed. Appx. 606, 608 (11th Cir. 2007) (citing *Eagle v. Linahan*, 279 F.3d 926, 937 (11th Cir. 2001)). "[T]o do so, however, the claim of ineffective assistance must have merit." *United State v. Nyhuis* 211 F.3d 1340, 1344 (11th Cir. 2000) (citing *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

In the present case, Petitioner did not file an appeal. According to Petitioner, his attorney failed to appeal his conviction and sentence despite being asked to do so. *See* Doc. No. 14 at 2, 5.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland* applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The *Flores-Ortega* Court also recognized the long-established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477 (citations omitted). The case law is clear that such an omission would be prejudicial to Petitioner, even absent a showing of any viable grounds for appeal. *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("[A] defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty. In this situation, the defendant is entitled to

11

an out-of-time-appeal, even without showing whether or not there are any viable grounds for such an appeal."). Therefore, in such circumstances, "[p]rejudice is presumed[,]" and "a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed." *Gomez-Diaz v. United States*, 433 F.3d 788, 790, 792 (11th Cir. 2005) (citing *Flores*, 528 U.S. at 483, 484)).

In the present case, Petitioner alleges that he told his trial counsel to file an appeal, but counsel failed to do so. Thus, a question of fact exists as to whether Petitioner told his counsel to file an appeal, and if not, whether counsel satisfied his duty to consult with Petitioner regarding the filing of an appeal. Consequently, an evidentiary hearing must be held to determine whether (1) Petitioner's alleged initial statement of his desire to appeal was sufficient to trigger the per se duty to appeal outlined in *Flores-Ortega*; and (2) if not, whether Petitioner's attorney fulfilled his constitutional duty to consult with Petitioner and to make a reasonable effort to determine his wishes, and whether counsel acted in accordance with those wishes. *See Gomez-Diaz*, 433 F.3d at 792-93. The Court will defer ruling on claims three and four until after the conclusion of the evidentiary hearing. In the event Petitioner demonstrates that counsel was ineffective for failing to file an appeal, Petitioner will be granted an appeal and he may raise these issues on appeal.

Accordingly, it is hereby **ORDERED** as follows:

1. Claims one and two are **DENIED**.

2. The Court will hold an evidentiary hearing with regard to whether Petitioner

has demonstrated cause and prejudice for his failure to raise claims three and four on direct appeal based on counsel's failure to file a notice of appeal after Petitioner allegedly requested that he do so. Therefore, a ruling on claims three and four will be deferred. The hearing is scheduled for **June 23, 2010**, at 9:30 a.m., at U.S. Courthouse, 401 West Central Blvd., Courtroom 6B, Orlando, Florida 32801.

3. The United States Magistrate Judge is directed to appoint counsel on behalf of Petitioner.

4. **On or before May 24, 2010**, Petitioner shall file a statement entitled "Pretrial Narrative Statement." The Pretrial Narrative Statement shall contain:

(a) A brief general statement of the case.

(b) A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.

(c) A list of all exhibits to be offered into evidence at the evidentiary hearing.

(d) A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

(e) A summary of the anticipated testimony of <u>each</u> witness named in (d).

5. **On or before June 7, 2010**, the Government shall file a "Pretrial Narrative Statement," entitled as such. The Pretrial Narrative Statement shall comply with paragraphs 4(a) through (e) above.

**DONE AND ORDERED IN** Orlando, Florida, this _16_ day of April, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

13

Copies to:
sc 4/15
Shaheed Divine Allah
Counsel of Record
United States Magistrate Judge Spaulding